**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|  |  |
|---|---|
| | * |
| **SAJURNIA HARRIS,** | * |
|     **Plaintiff,** | |
| | * |
| **v.** | **Case No.: GJH-21-558** |
| | * |
| **DEP'T. OF HEALTH AND HUMAN** | |
| **SERVICES,** | * |
|     **Defendant.** | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, Plaintiff Sajurnia Harris challenges her removal from her position with Defendant Department of Health and Human Services. ECF No. 20. This case was transferred here from the United States Court of Appeals for the Federal Circuit after that court found that it did not have jurisdiction. ECF No. 10. Presently pending is Defendant's Motion to Dismiss, or in the Alternative, to Transfer, ECF No. 22, as well as Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will grant Defendant's request to transfer this action to the United States District Court for the District of Columbia. Additionally, this Court will grant Plaintiff's request to proceed in forma pauperis.[1]

---

[1] Plaintiff also makes a number of motions in her Response in Opposition. *See* ECF No. 26 at 1, 2. Because the Court will transfer the case, the Court will not consider these motions.

I.      **BACKGROUND**

Plaintiff Harris was hired as a Purchasing Agent at the Department of Health and Human Services in January 2018. ECF No. 1-1 at 3; *see also* ECF No. 22-2 (Exhibit 1).[2] Throughout 2018, Plaintiff incurred several reprimands and a suspension for unapproved absences. *See* ECF No. 1-1 at 3–5. In November 2018, Plaintiff's supervisor issued a notice proposing to remove Plaintiff from federal service for unapproved absences, failure to follow her supervisor, and lack of candor. *Id.* at 6. In December 2018, another officer at HHS issued a decision sustaining her removal. *Id.*

On January 25, 2019, Plaintiff filed an appeal of her removal before the Merit Systems Protection Board ("the Board"), alleging that she was improperly removed from her position. *Id.* Plaintiff alleged that she was subjected to sex and disability discrimination. ECF No. 10 at 2.[3] On May 14, 2019, an Administrative Judge of the Board issued an initial decision affirming Plaintiff's removal. *Id.* Plaintiff appealed that decision to the full Board, and that appeal is still pending. *Id.*

On June 6, 2019, Plaintiff filed a petition for judicial review of that same decision to the United States Court of Appeals for the Federal Circuit. ECF No. 10. The Federal Circuit found that it did not have jurisdiction because Plaintiff is also pursuing discrimination claims. *Id.* at 2. Judicial review of a "mixed case," in which a plaintiff also brings discrimination claims, must be pursued in federal district court. 5 U.S.C. § 7703(b)(2); *see also Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017). Though Defendant argued for dismissal, the Federal Circuit noted that a

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] While Plaintiff references other discrimination claims in the Amended Complaint, *see* ECF No. 20 at 12, she clarified before the Board that "she was discriminated against on the basis of sex and disability" and that "these were the only affirmative defenses that the appellant wished to raise in this proceeding[,]" ECF No. 1 at 6 n.1.

district court may have jurisdiction despite the pending petition before the Board. ECF No. 10 at 2. Pursuant to 5 U.S.C. § 7702(e)(1)(B), "if at any time after the 120th day following the filing of an appeal with the Board . . . there is no judicially reviewable action . . . an employee shall be entitled to file a civil action[.]" The Federal Circuit transferred this case to the District of Maryland on March 1, 2021. ECF No. 14.

In an order, this Court told Plaintiff that she must inform the Court whether she intends to pursue review of her claims and allowed her to file an amended petition by May 3, 2021. ECF No. 16. On May 3, 2021, Petitioner filed the Amended Complaint. ECF No. 20. On June 6, 2021, Defendant filed the Motion to Dismiss or, in the Alternative, to Transfer Venue. ECF No. 22. Plaintiff filed a response in opposition, ECF No. 26, and Defendant filed a reply, ECF No. 28. Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 24.

## II.   DISCUSSION

### A.  In Forma Pauperis

Plaintiff has filed an application to proceed In Forma Pauperis. ECF No. 24. 28 U.S.C. § 1915(a) "permits an indigent litigant to commence an action in this court without prepaying the filing fee." *Kennedy v. Wilkinson*, No. 21-cv-1634-CCB, 2021 WL 2895868, at *1 (D. Md. July 9, 2021). "The in forma pauperis statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Ford v. Soc. Sec. Admin. Acting Comm'r Carolyn Colvin*, No. 16-cv-2324-ELH, 2016 WL 3541233, at *1 (D. Md. June 29, 2016) (citing *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981)). "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[e][.]" 28 U.S.C. § 1915(a)(1).

3

"A district court has discretion to grant or deny an application for in forma pauperis status." *Clarke v. Richmond Behav. Health Auth.*, 402 F. App'x 764, 766 (4th Cir. 2010). "This discretion, however, is limited to a determination of 'the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked.'" *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980) (quoting *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915)). "'In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.'" *Id.* (quoting *Ellis v. United States*, 356 U.S. 674 (1958)).

A party need not be "destitute" to enjoy the benefit of the in forma pauperis statute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) ("We cannot agree . . . that one must be absolutely destitute to enjoy the benefit of the statute."). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* (internal quotations omitted); *see also Ford*, 2016 WL 3541233, at *1.

Plaintiff attests that she has been suffering from financial hardship such that she cannot pay the cost of court proceedings. ECF No. 24 at 1. Plaintiff has filled out all relevant aspects of the required long form, AO 239. Upon review of the form, this Court finds that Plaintiff has sufficiently attested to indigent status. Plaintiff's declared income is outweighed by her monthly expenses. Plaintiff attests that she cares for a disabled adult dependent and has high monthly medical costs. Therefore, the Court grants her motion to proceed in forma pauperis.

### B.  Motion to Dismiss or Transfer

When an objection to venue is raised under Federal Rule of Civil Procedure 12(b)(3), the burden lies with the plaintiff to establish that venue is proper. *Jones v. Koons Auto. Inc.*, 752 F.

4

Supp. 2d 670, 679 (D. Md. 2010); *Tinoco v. Thesis Painting, Inc.*, No. 16-cv-752-GJH, 2017 WL

52554, at *2 (D. Md. Jan. 3, 2017). "To survive a motion to dismiss for improper venue when no

evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue."

*Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). When considering a motion to dismiss, the

court must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor.

*Ademiluyi v. Nat'l Bar Ass'n*, No. 15-cv-02947-GJH, 2016 WL 4705536, at *2 (D. Md. Sept. 8,

2016). "[T]he court may 'freely consider evidence outside the pleadings[.]'" *Doyle v.

McDonough*, No. 20-cv-3478-ELH, 2021 WL 4846938, at *10 (D. Md. Oct. 15, 2021) (quoting

*Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)).

 If venue is improper, then it is within the court's discretion to determine whether it is in

the interest of justice to dismiss the action, or to transfer it to a district where venue is proper.

*Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) ("We note that the choice to transfer or

dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court.")

(citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). "The decision to transfer

is left to the sound discretion of the trial court and should be determined on a case-by-case

basis." *Young v. AT & T Mobility, LLC*, No. 09-cv-2292-RDB, 2010 WL 2573982, at *2 (D. Md.

June 22, 2010) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

 Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

*et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, for discrimination on the basis of sex

and disability. *See* ECF No. 20 at 5; *see also Jeffries v. Fed. Emergency Mgmt. Agency*, No. 19-

cv-1816-PX, 2020 WL 4262270, at *5 (D. Md. July 24, 2020) (explaining that the Rehabilitation

Act "is the exclusive vehicle for disability claims brought against a federal entity[.]").

Under Title VII, "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3); *Harding v. Williams Prop. Co.*, 163 F.3d 598, at *2 n.5 (4th Cir. 1998) (noting that the venue provisions in Title VII "override" the venue provisions of 28 U.S.C. § 1391). The venue provision in Title VII also governs venue for Rehabilitation Act claims. *See Benton v. England*, 222 F. Supp. 2d 728, 730 n.3 (D. Md. 2002) ("Venue for claims brought under the Rehabilitation Act is also governed by the Title VII venue provision."); *Doyle*, 2021 WL 4846938, at *18 ("Where, as here, plaintiff alleges violations of Title VII and the Rehabilitation Act, venue is determined by Title VII's venue provision[.]").

Defendant argues that venue is improper because Plaintiff does not allege that any unlawful employment practices occurred in Maryland, there are no records regarding Plaintiff's allegations stored in Maryland, and Plaintiff's duty station would not have been in Maryland. ECF No. 22-1 at 3. Plaintiff argues that this case should not be transferred because a transfer would cause undue delay. ECF No. 26 at 3.

Venue is improper in the District of Maryland. Importantly, Plaintiff does not allege any employment connection to Maryland. Plaintiff did not work in Maryland, Plaintiff does not dispute Defendant's claim that agency records are not maintained in Maryland, and, had she not been removed, Plaintiff's duty station would not have been in Maryland. None of the bases for venue are satisfied here. *See, e.g.*, *Doyle*, 2021 WL 4846938, at *19 ("There is no evidence that suggests the purportedly unlawful employment practices were committed anywhere other than

6

plaintiff's workplace. Plaintiff fails to allege any facts suggesting that the Agency maintains records of its employment practices in Maryland or that, but for the Agency's alleged unlawful employment practice, she would have been employed in Maryland. And, there is no indication that the Agency's principal office is located in Maryland."). Instead, all bases point to Washington, DC, as the proper venue for this action. *See* ECF No. 22-1 at 3 ("[H]ad Ms. Harris not been removed from employment with the Agency, her duty station would have been at the Agency's Headquarters in Washington, DC. Here, Ms. Harris alleges that she experienced discrimination when she was employed as a Purchasing Agent in Washington, DC and the Agency's records related to those allegations are maintained in Washington, DC.").

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). It is within the district court's discretion to determine whether it is in the interest of justice to transfer the case or to dismiss the case. *See Goldlawr, Inc.*, 369 U.S. at 467. "Dismissal, rather than transfer, may be appropriate in limited circumstances where the plaintiff is harassing the defendants or acting in bad faith or forum shopping." *Ademiluyi,* 2016 WL 4705536, at *3 (citing *Gov't of Egypt Procurement Off. v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 473 (D. Md. 2002)).

It is in the interest of justice to transfer this case to the proper district. The facts here do not warrant dismissal. Plaintiff did not wrongly file in this district; instead, this case was transferred here by the Federal Circuit. Plaintiff does not seem to be acting in bad faith or attempting to harass Defendant. Thus, the case will be transferred to the District Court for the District of Columbia, where the action could have been brought. *See, e.g.*, *Ademiluyi*, 2016 WL

4705536, at *3 (transferring rather than dismissing a case because "it is not clear that Ms. Ademiluyi made an obvious error in selecting her home state of Maryland as the forum for suit. Additionally, there is no evidence that Ms. Ademiluyi is harassing Defendants or acting in bad faith.").

### III.     CONCLUSION

For the reasons above, Defendant's Motion to Transfer is **GRANTED**. Plaintiff's Motion to Proceed In Forma Pauperis is also **GRANTED**. A separate Order follows.


Dated:  December        15, 2021                         /s/
                                                    GEORGE J. HAZEL
                                                    United States District Judge